Celestine **PIERRE**, Plaintiff–Appellant,

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY/LIFE INSURANCE COMPANY OF NORTH AMERICA**, Defendant–Appellee.

No. 88–3506
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1989.

142

Paul Brian Spurlock, New Orleans, La., for plaintiff-appellant.

James F. Ryan, Law Offices of Donald T. Giglio, New Orleans, La., for defendant-appellee.

Before REAVLEY, JOHNSON and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

Celestine Pierre brought this action contesting the denial of insurance benefits for the shooting death of her husband, James Pierre. Mr. Pierre purchased an accidental death insurance policy from Connecticut General Life Insurance Company and Life Insurance Company of North America (Connecticut General), which was provided as part of an employee welfare benefit plan through his employer. Connecticut General determined that Mr. Pierre's death was not an accident and refused to pay benefits to Mrs. Pierre. The district court upheld the denial of benefits and dismissed the complaint with prejudice. Because we find the denial of benefits to be based on substantial evidence and not arbitrary and capricious, we affirm.

## Background

New Orleans police found the body of James Pierre in his car on October 26, 1986. He had been shot twice. Antoinette Collins, a girlfriend of Mr. Pierre, turned herself in to the police the next day. She confessed to shooting Mr. Pierre when he refused to stop beating her with his own handgun. The police, accepting Miss Collins' story, declined to prosecute her.

Celestine Pierre filed claims to recover benefits under an accident insurance policy and an accidental injury benefit provision of a separate life insurance policy. Recovery under both policies is precluded if Mr. Pierre was shot and killed in self-defense. The claims were investigated by Robert Weidele, an assistant claims manager for Connecticut General. The circumstances of the shooting were gleaned from a discussion with the detective on the case, the death certificate and autopsy report, and the written report of a private investigator who reviewed police records and interviewed Miss Collins. On the basis of this information, Connecticut General concluded that Mr. Pierre's death was not an accident and denied Mrs. Pierre's claims for recovery of benefits.

Mrs. Pierre did not request a reconsideration hearing and initially filed her claim in state court. The employee welfare benefits plan, through which Connecticut General provides insurance, is governed by the Employee Retirement Income Security Act (ERISA). Connecticut General removed the action to federal district court. Mrs. Pierre's motion to remand the claim to state court was denied. On the basis of written trial memoranda and stipulations, the district court issued an opinion and order on the merits. The district court held that hearsay statements were properly considered in assessing the claim for benefits and that denial of the claim was not arbitrary and capricious.

## Discussion

The insurance policies in this action are governed by ERISA, 29 U.S.C. §§ 1001–

1461. Because it exercises authority or control in the distribution of assets of the benefits plan, Connecticut General is a fiduciary for purposes of ERISA. 29 U.S.C. § 1002(21)(A). ERISA imposes duties of care, fair dealing, and impartiality on a fiduciary. *See* 29 U.S.C. § 1104(a)(1).

*Standard of Review*

█ Denial of benefits by a plan fiduciary may not be disturbed under ERISA unless the decision was made arbitrarily and capriciously or in bad faith, as the decision would be if it were unsupported by substantial evidence or based on an erroneous conclusion on a question of law. *Dennard v. Richards Group, Inc.*, 681 F.2d 306, 314 (5th Cir.1982) (citing *Wardle v. Central States, Southeast & Southwest Areas, Pension Fund*, 627 F.2d 820, 824 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)). The standard of review has elasticity to allow reviewing courts to account for possibilities for self-interest and other biases. This flexibility is evident in the different incantations of the standard that look for bad faith and substantial evidence. *See Van Boxel v. Journal Co. Employees' Pension Trust*, 836 F.2d 1048, 1049–50 (7th Cir. 1987).

█ Mrs. Pierre contends that the arbitrary and capricious standard is inappropriate in this case because of the self-interest Connecticut General has in denying benefits. While Mrs. Pierre's concern is not without merit, this circuit's rule follows the weight of authority applying the arbitrary and capricious standard in ERISA cases. *See Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1303–04 (5th Cir.1985); *Ganze v. Dart Industries, Inc.*, 741 F.2d 790, 792 (5th Cir.1984); *Bayles v. Central States, Southeast and Southwest Areas Pension Fund*, 602 F.2d 97, 99 (5th Cir. 1979). The standard applies equally when the insurance carrier is the decision-making fiduciary. *See Reilly v. Blue Cross & Blue Shield United of Wisconsin*, 846 F.2d 416, 419 (7th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). The district court correctly applied an arbitrary and capricious standard of review.

*Admissibility of Hearsay*

█ Mrs. Pierre next contends that even if the arbitrary and capricious standard of review applies in this case the use of hearsay by Connecticut General in its determination requires reversal. It is difficult to see how a plan administrator or fiduciary could base a decision on anything but extrajudicial statements. Even in formal administrative proceedings controlled by the Administrative Procedure Act (APA) hearsay evidence is permitted. To determine whether hearsay evidence may constitute substantial evidence in support of a decision, however, the reviewing court must look to factors establishing underlying reliability and probative weight. *School Bd. of Broward County v. Dept. of Health, Education & Welfare*, 525 F.2d 900, 906 (5th Cir.1976) (citing *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971)).

Although determinations under ERISA are not controlled by the APA and the use of "hearsay" is not explicitly addressed in ERISA, the same policies of informality and practicality appear apt. The intent behind administrative procedures is to make them manageable and comprehensible by non-lawyers while maintaining fairness. *Richardson*, 402 U.S. at 400–401, 91 S.Ct. at 1426–1427. The same concerns are applicable to ERISA procedures. Under *School Bd.* and *Richardson*, therefore, second step declarant evidence may or may not be sufficient to uphold a determination under an ERISA plan, but its consideration is not improper. *See Reilly v. Blue Cross & Blue Shield United of Wisconsin*, 846 F.2d at 423–24. The district court did not err in finding Connecticut General properly considered the available evidence.

█ The question then becomes whether the decision made by Connecticut General was arbitrary and capricious in light of all the evidence, second hand or otherwise, upon which it was based. Again, the district court properly upheld the decision to deny benefits. Connecticut General considered all the available evidence. Mrs. Pierre does not contend that any additional

evidence exists. Although the story of self-defense given by Antoinette Collins is self-serving, it is not incredible. Connecticut General based its decision to deny benefits under the accident policies on its conclusions that Miss Collins' account of the shooting was credible, that Miss Collins killed Mr. Pierre in self-defense (a version of the occurrence apparently accepted by the law enforcement authorities), and that because Mr. Pierre provoked Miss Collins' retaliation his death was not an accident. We agree with the district court that the denial of Mrs. Pierre's claim was not arbitrary and capricious or in bad faith or unsupported by substantial evidence.

### Reconsideration Hearing

Mrs. Pierre asks this court to remand this case to the administrator for reconsideration if the admission of hearsay evidence is upheld. Remand is appropriate in those cases where proper evidence should have been considered by the administrator but was not. *See Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985). Mrs. Pierre does not assert that proper evidence has not been heard; rather, she claims that she has not been allowed to argue her claim because she failed to take advantage of a reconsideration hearing when it was available. Moreover, remand is inappropriate if reconsideration would be futile. *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 394 (7th Cir.1983). Reconsideration in this case would be futile. In addition, Mrs. Pierre's request for a reconsideration hearing before the plan administrator appears to be raised for the first time on appeal; she asked the district court only to remand the case to state court.

AFFIRMED.